IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DABBS-WILLIAMS GENERAL CONTRACTORS, LLC; TILLMAN PARK, LLC; and T. HOLMES RAMSEY, JR.<br><br>Defendants. | CIVIL ACTION<br>FILE NO. __CV611-013__ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Westfield Insurance Company ("Westfield"), files this Complaint For Declaratory Judgment and respectfully shows the Court as follows:

## THE TYPE OF CASE

1.

This is an action for Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy which presently exist between Westfield and Defendants.

## JURISDICTION AND VENUE

2.

This action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action in which the amount in controversy exceeds a sum or value of Seventy-Five Thousand Dollars and no/100 ($75,000.00), exclusive of interest and cost and is between citizens of different states.

3.

Westfield is a corporation existing under the laws of the state of Ohio which has its principal place of business located in Westfield, Ohio.

4.

Defendant Dabbs-Williams is a Georgia limited liability company with its principal place of business located in Bulloch, County Georgia (hereinafter "Dabbs-Williams").

5.

Defendant Tillman Park, LLC is a Georgia limited liability company with its principal place of business located in Georgia (hereinafter "Tillman Park").

6.

Defendant T. Holmes Ramsey, Jr. is an individual who is a citizen of the

State of Georgia and resides in Bulloch County, Georgia (hereinafter "Ramsey").

7.

Venue over this action is proper pursuant to 28 U.S.C. 1391(a).

## FACTUAL BACKGROUND
### (The Underlying Dabbs-Williams v. Tillman Park Lawsuit)

8.

Dabbs-Williams has filed a lawsuit in the Superior Court of Bulloch County, styled <u>Dabbs-Williams General Contractors, LLC v. Tillman Park, L.L.C.; and T. Holmes Ramsey, Jr., Individually</u>, Civil Action No. 1B07CV330P (hereinafter the "Dabbs-Williams State Court Lawsuit"). The lawsuit was filed on or about August 30, 2007. A copy of the Complaint is attached hereto as Exhibit "A".

9.

In the <u>Dabbs-Williams</u> State Court Lawsuit, Dabbs-Williams alleges that it is entitled to recover damages from Tillman Park and Ramsey under theories of breach of contract, *quantum meruit*, promissory estoppel, and unjust enrichment, pierced veil of limited liability company, fraud, and claim of lien. [Exhibit A, Counts 1 through VII, ¶¶ 18- 39].

10.

On or about October 30, 2007, Tillman Park and Ramsey answered the Complaint of Dabbs-Williams and denied liability. A copy of the Answer and

Counterclaim is attached hereto as Exhibit B.

11.

On or about October 30, 2007, Tillman Park and Ramsey along with their Answer filed a Counterclaim against Dabbs-Williams seeking damages. [Exhibit B].

12.

In their Counterclaim, Tillman Park and Ramsey alleged that Dabbs-Williams was a general contractor on the Tillman Park construction project and as a result of the negligence of Dabbs-Williams and their employees, agents and subcontractors, deficiencies in the construction of Tillman Park had caused Tillman Park and Ramsey to incur substantial cost in correcting the defects and repairing the damages. As a result, Tillman Park and Ramsey sought damages from Dabbs-Williams for the negligence of Dabbs-Williams. [Exhibit B; Counterclaim, Count I – Negligent Construction, ¶¶ 41-47].

13.

In addition, Tillman Park and Ramsey sought damages from Dabbs-Williams because it failed to perform the work of Dabbs-Williams in a fit and workman like manner. [Exhibit B; Count II of the Counterclaim, Breach of Implied Duty to Perform in a Fit and Workmanlike Manner, ¶¶ 48-52].

14.

Further, Tillman Park and Ramsey sought damages from Dabbs-Williams for breach of contract, and fraud/misrepresentation. [Exhibit B, Counterclaim, Count III].

15.

The damages sought by Tillman Park and Ramsey against Dabbs-Williams are unspecified, but include statutory attorney's fees, punitive damages, and damages for fraud. Upon information and belief, the damages sought by Tillman Park and Ramsey from Dabbs-Williams exceed Five Hundred Thousand Dollars ($500,000.00) as reflected in the invoices attached hereto. [Exhibit C, Invoices setting forth damages].

## Westfield Insurance Company
## Insurance Policy

16.

Westfield issued Dabbs-Williams an insurance policy, Policy No. TRA3436903, Policy Period July 15, 2006 through July 15, 2007. A certified copy of the policy is attached hereto as Exhibit D (the "Westfield Insurance Policy"). The insurance policy provides a general aggregate limit of insurance coverage to Dabbs-Williams in the amount of $2,000,000.00 with a $1,000,000.00 per occurrence limit.

17.

The Westfield general liability coverage form provides that in the event of an occurrence Westfield must be notified as soon as practicable. The Westfield Insurance Policy provides as follows:

> You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
> (1) How, when, and where the "occurrence" or offense took place;
> (2) The names and addresses of any injured persons and witnesses; and
> (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

[Exhibit E, Excerpt of Westfield Insurance Policy, General Liability Provisions, Page 10].

18.

The Westfield general liability coverage form provides that in the event of a lawsuit, it must receive notice of the lawsuit as soon as practicable. The Westfield Insurance Policy provides as follows:

> If a claim is made or "suit" is brought against any insured, you must:
> (1) Immediately record the specific of the claim or "suit" and the date received; and
> (2) Notify us as soon as practicable.

[Exhibit E, Excerpt of Westfield Insurance Policy, General Liability Provisions, Pages 10-11].

19.

The Westfield Insurance Policy further provides:

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

[Exhibit E, Excerpt of Westfield Insurance Policy, General Liability Provisions, Page 11].

20.

The Westfield Insurance Policy also provides that the insured must do the following:

(1) Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the claim or "suit";
(2) Authorize us to obtain records or other information;
(3) Cooperate with us in the investigation of settlement of the claim or defense against the "suit"; and
(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may apply.

[Exhibit E, Excerpt of Westfield Insurance Policy, General Liability Provisions, Page 11].

**First Notice of the Occurrence and Lawsuit**

21.

While the Dabbs-Williams lawsuit was filed in August, 2007 and the

Answer and Counterclaim of Tillman Park and Ramsey was filed in October, 2007,

Dabb-Williams did not provide notice of the occurrence or lawsuit until June 10, 2010, almost three (3) years after the lawsuit was filed. [Exhibit F, See Letter of Dabbs-Williams to Westfield dated June 10, 2010, a copy of which is attached hereto]. When that notice was provided, copies of the Complaint were not provided to Westfield. Additional correspondence has been received from Dabbs-Williams. See Exhibits "G" and "H" attached hereto.

22.

On December 14, 2010, Westfield and Dabbs-Williams entered into a Non-Waiver Agreement. Pursuant to that Agreement, Westfield has begun to provide a defense to Dabbs-Williams in the Dabbs-Williams State Court lawsuit, but has reserved its right to file this Declaratory Judgment action.

## First Claim for Relief

23.

Westfield incorporates as if fully written herein paragraphs 1 through 22 above as set forth herein.

24.

Westfield requests that this Court inquire and declare that it has no duty to defend or indemnify Dabbs-Williams in the lawsuit styled Dabbs-Williams General Contractors, LLC v. Tillman Park, L.L.C.; and T. Holmes Ramsey, Jr.,

Individually, Civil Action No. 1B07CV330P, in the Superior Court of Bulloch County, Georgia, because Dabb-Williams failed to provide notice of the occurrence in accordance with the insurance provisions in the Westfield policy. Such notice provisions are a condition precedent to coverage and under Georgia common law, prejudice is not relevant to the assertion of notice as a coverage defense because failure to give timely notice is a failure of a condition precedent to coverage which alone voids the policy. See, e.g., Illinois Union Ins. Co. v. Sierra Contracting Corp., Civil Action No. 1:09-CV-01022-JOF, 2010 WL 4117192 (N.D. Ga., Oct. 12, 2010).

## Second Claim for Relief

25.

Westfield incorporates as if fully rewritten herein paragraphs 1 through 22 above.

26.

Westfield requests that this Court inquire and declare that it has no duty to indemnify or defend Dabbs-Williams in the lawsuit styled Dabbs-Williams General Contractors, LLC v. Tillman Park, L.L.C.; and T. Holmes Ramsey, Jr., Individually, Civil Action No. 1B07CV330P, in the Superior Court of Bulloch, Georgia, because Dabbs-Williams failed to give notice of the lawsuit as soon as

practicable. In addition, Dabbs-Williams failed to send copies of the demands, notices, summonses, and legal papers as soon as practicable. See, e.g., Advocate Network, LLC v. The Hartford Ins. Co., 296 Ga. App. 338, 674 S.E.2d 617 (2009).

WHEREFORE, Plaintiff Westfield Insurance Company prays as follows:

(a)  the Summonses be issued to all Defendants;

(b)  that the Court determine that Plaintiff has no duty to defend or indemnify Dabbs-Williams in the underlying lawsuit styled Dabbs-Williams General Contractors, LLC v. Tillman Park, L.L.C.; and T. Holmes Ramsey, Jr., Individually, Civil Action No. 1B07CV330P, in the Superior Court of Bulloch County, Georgia; and

(c)  that the Court award Westfield any and all other further relief that this Court deems just and proper.

Respectfully submitted this 7th day of February, 2011.

FAIN, MAJOR & BRENNAN, P.C.

/s/ Thomas E. Brennan
THOMAS E. BRENNAN
Georgia State Bar No. 079754
Attorney for Plaintiff

100 Glenridge Point Parkway
Suite 500
Atlanta, Georgia  30342
(404) 688-6633
tbrennan@fainmajor.com